UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re:

SURTRONICS, INC.

    Debtor.

_____/

Case No: 13-05672-8-SWH
Chapter 11 case

## EMERGENCY MOTION FOR ORDER ALLOWING USE OF CASH COLLATERAL

Surtronics, Inc. ("Surtronics" or "Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §363 and other applicable law, hereby moves the Court for an order authorizing the use of cash collateral, and in support states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §1408.

### BACKGROUND

3. On September 9, 2013 (the "Petition Date"), Surtronics filed with this Court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code to facilitate reorganization and the continuation of its business.

4. This Motion is filed simultaneously with the Petition, Schedules, Statement of Financial Affairs, and a variety of other first-day motions, pleadings and other papers. Surtronics expects this Court will issue an order for relief pursuant to 11 U.S.C. §§1107 and 1108 to authorize Surtronics to retain its assets and operate its business as debtor in possession.

5. Surtronics, founded in 1965, is a North Carolina corporation in the business of providing electroplating and anodizing services to base-metal alloys for use across various industries, including but not limited to aerospace, defense, medical, telecommunications, and automotive. Surtronics' primary production facility and corporate office are located in a series of buildings at 4001 and 4025 Beryl Drive, and 508 Method Road, Raleigh, North Carolina.

6. Through this case, the Debtor intends to address a major fire loss claim, resolve certain environmental obligations, seek contribution from co-obligated parties in connection with the environmental obligations, resolve real estate ownership issues, and restructure its debts, all in order to emerge as a healthier company capable of operating for another 50 years.

## BASIS FOR RELIEF

7. Upon information and belief, First Citizens Bank & Trust Co. ("First Citizens") will assert a lien on the Debtor's cash collateral from its operations within the meaning and effect of 11 U.S.C. §363.

8. While the Debtor has been unable to obtain copies of all loan documents associated with First Citizens' asserted security interest, attached hereto as **Exhibit 1** are true and correct copies of a UCC Financing Statement and Continuation Statement filed with the North Carolina Secretary of State, asserting the existence of a created and perfected security interest in the following:

> All Accounts, General Intangibles, Inventory, Equipment, Furniture, and Other Goods; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds).

9. The undersigned is unaware of whether or not First Citizens has such a created and perfected security interest.

10. As of the filing of this Motion, First Citizens has not yet consented to the use of the cash collateral, although the undersigned will attempt to obtain consent following the filing of this Motion.

11. The cash collateral at issue purportedly includes cash receipts paid to the Debtor either directly or electronically through the Debtor's First Citizens accounts as well as cash balances on deposit.

12. Based upon available information, the Debtor estimates that its cash collateral is valued well in excess of the obligation it purportedly secures for First Citizens.

13. Additionally, the current use of cash collateral will create additional cash collateral in which First Citizens can, and should, be granted a replacement lien to the same extent, validity and priority as existed pre-petition.

14. The use of the cash collateral is essential for the Debtor's continued operations. Such continued operations will both preserve and protect the collateral and will maximize the value of the Debtor's assets to allow for a successful reorganization.

15. The Debtor needs to use cash collateral to make payment of its ordinary business expenses, including payroll and operational costs, just as it did pre-petition. The Debtor faces ordinary and necessary expenses on a daily basis.

16. At or prior to the hearing on this Motion, the Debtor will provide the Court and First Citizens a projected operating budget providing for the use of cash and the payment of ordinary operating expenses, along with contract debt service to First Citizens.

17. In order to continue its operations, the Debtor requires the use of cash collateral on an emergency, interim basis pending a final hearing on such use of cash collateral or consent of First Citizens because any payments made in anticipation of ultimate approval of the use of cash collateral are at risk in the unlikely event the use of cash collateral is not permitted. *See, e.g., In re Madawaska Hardscape Products, Inc.*, 476 B.R. 200, 214 (Bankr. D.S.C. 2012) ("The use of cash collateral without court authorization or the creditor's consent can have harsh consequences, including the dismissal of the case or the granting of relief from the automatic stay."); *Marathon Petroleum Co. v. Cohen (In re Delco Oil, Inc.)*, 599 F.3d 1255 (11th Cir.2010) (finding postpetition payments to a supplier using cash collateral in violation of 11 U.S.C. §363(c)(2) were unauthorized transfers recoverable under 11 U.S.C. §549).

18. That uncertainty will place the Debtor's ability to do business with its vendors and assure the confidence of its employees, at substantial risk. Correspondingly, vendors and employees will be able to deal with the Debtor confidently when business is being done within the confines of an appropriate Order on this Motion. Accordingly, the Debtor makes this request for an emergency hearing to resolve such issues.

19. The Debtor requests this Court grant authority to use cash collateral consistent with its projected operating budget, while also allowing for the use of cash collateral within a 10% variance to the budget without the consent or approval of First Citizens and without further order of this Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting this Motion, authorizing the use of cash collateral on the terms outlined herein and in the budget to be provided to the Court and First Citizens, and granting such other and further relief as this Court deems just and appropriate.

Dated: September 9, 2013    Respectfully submitted,

**SHUMAKER LOOP & KENDRICK, LLP**

By: /s/ David A. Matthews
    David A. Matthews, Esq.
    N.C. Bar No. 28306
    dmatthews@slk-law.com
    128 South Tryon Street, Suite 1800
    Charlotte, North Carolina 28202

    Steven M. Berman, Esq.
    Fla. Bar No.: 856290
    *via Local Rule 2090-1 Special Appearance*
    sberman@slk-law.com
    Seth P. Traub, Esq.
    Fla. Bar No. 022088
    *via Local Rule 2090-1 Special Appearance*
    straub@slk-law.com
    101 E. Kennedy Blvd., Suite 2800
    Tampa, Florida 33602
    Phone (813) 229-7600
    Fax (813) 229-1660

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2013, a true and correct copy of the foregoing was furnished via CM/ECF Electronic Notice or U.S. Mail to the **Debtor's 20 Largest Unsecured Creditors** and to:

**First Citizens Bank & Trust Co.**
4300 Six Forks Road
Raleigh, NC 27609

**First Citizens Bank & Trust Co.**
c/o CT Corporation System, Reg. Agent
150 Fayetteville, St., Box 1011
Raleigh, NC 27601

**Bankruptcy Administrator's Office**
Eastern District of North Carolina
434 Fayetteville Street, Suite 620
Raleigh, North Carolina 27601

   /s/ David A. Matthews
*Counsel for the Debtor*