**SO ORDERED.**

**SIGNED this 9 day of June, 2014.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO.

SURTRONICS, INC.                                          13-05672-8-SWH

        DEBTOR

## ORDER DENYING MOTION TO DISMISS

The matter before the court is the motion of Surtronics, Inc. (the "debtor") to dismiss its case. Hearings took place on April 17, 2014, and April 22, 2014, in Raleigh, North Carolina. Upon conclusion of the hearing, the court took the matter under advisement. On May 6, 2014, an order was entered denying the motion to dismiss. The reasons for the court's denial are set out in the instant order.

## BACKGROUND

Debtor is a North Carolina company that provides electroplating and anodizing for various commercial and industrial customers throughout the Southeast. Since 1971, Debtor's place of business and operations have been located at 4001, 2025 Beryl Drive, Raleigh, North Carolina and 508 Method Road, Raleigh, North Carolina (the "Property"). Debtor has leased the Property from Smith & Wade since 1992.

On June 17, 2013, the Property suffered a fire which destroyed a substantial portion of the debtor's facility and equipment. Subsequently, on September 6, 2013, the debtor and Smith & Wade executed an amendment (the "2013 Addendum") to their original 2003 Lease Agreement (the "Lease"). The 2013 Addendum contains a provision adding two purchase options to the Lease. The first option is to purchase the property for $700,000 after the completion of a five year extension on the lease; and the second option is to purchase the property for $1.00 after the completion of two five year extensions.

On September 9, 2013, debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. On September 26, 2013, debtor initiated an adversary proceeding against Smith & Wade seeking a determination that the Lease, as amended by the 2013 Addendum, constitutes an installment land sales contract, and not a true lease (the "Lease Agreement Adversary Proceeding"). On September 27, 2013, debtor filed a second adversary proceeding against Smith & Wade seeking declaratory, equitable, and monetary relief pursuant to CERCLA regarding the remediation of environmental damage found on the Property (the "CERLCA Adversary Proceeding"). On October 8, 2013, debtor filed a Chapter 11 Plan of Reorganization (the "Plan"), and, ten days later, on October 18, 2013, debtor moved to extend the time to assume or reject the Lease for an additional ninety days.  The Court granted the extension motion on December 19, 2013, allowing debtor until the earlier of April 7, 2014, or the date of the entry of an order confirming a plan, to assume or reject the Lease.

Debtor amended the Plan on January 15, 2014 (the "Amended Plan"), and a confirmation hearing took place on January 27, 2014. Thereafter, on January 31, 2014, debtor filed a Notice of Voluntary Dismissal for both the Lease Agreement Adversary Proceeding and the CERCLA

Adversary Proceeding. Then, on March 21, 2014, debtor filed the present motion to dismiss the case, followed three days later by a notice to withdraw the Amended Plan. The deadline for assuming or rejecting the Lease expired on April 7, 2014, and debtor neither assumed nor rejected the Lease or sought an additional extension by that date. A week later, on April 14, 2014, Smith & Wade filed its response to the motion to dismiss and simultaneously commenced an adversary proceeding in which it seeks the surrender of the Property pursuant to 11 U.S.C. § 365(d)(4) for debtor's failure to assume the Lease by the April 7, 2014 deadline.

Debtor contends that dismissal is proper under §§ 1112(b) and 305(a) of the Bankruptcy Code because there has been a "substantial or continuing loss to or diminution of the estate" and because "dismissal is in the best interest of the creditors and estate." Smith & Wade, on the other hand, asserts that there is no cause for dismissal and that dismissal would not be in the best interest of creditors. Most significantly, Smith & Wade argues that it would be deprived of important rights gained through the bankruptcy, i.e., possession of the Property, if the case were dismissed.

## DISCUSSION

A.    Dismissal under § 112(b)(1)

Subject to certain exceptions, § 1112(b)(1) provides that a court may dismiss a case under chapter 11 or convert the case under chapter 7, whichever is in the best interest of creditors and the estate, upon a finding of "cause." 11 U.S.C. § 1112(b)(1); Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.), 14 F.3d 240, 242 (4th Cir. 1994). The Code provides a non-exhaustive list of sixteen different acts, omissions, or other circumstances that constitute "cause" for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(A)–(P). Ultimately, however, the determination of cause rests within the discretion of the court. See In re Tosh, 2012 Bankr. LEXIS 5828, at *5

(Bankr. E.D.N.C. Dec. 19, 2012) ("[T]he enumerated list in § 1112(b) is not exclusive and the decision to convert or dismiss a case remains within the discretion of the court." (quoting In re Forbes Transp., LLC, 2009 Bankr. LEXIS 841, at *2–3 (Bankr. E.D.N.C. Apr. 2, 2009))); In re BH S&H Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) ("Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112(b)."). The party moving for conversion or dismissal has the burden to establish "cause" by a preponderance of the evidence. In re Forbes Transp., LLC, 2009 Bankr. LEXIS 841, at *3 (citing In re Woodbrook Associates, 19 F.3d 312, 317 (7th Cir. 1994)).

Included in the list of cause for dismissal or conversion is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). Debtor argues that cause is established under this provision by the fact that there has been a decrease in the volume of its business and difficulty in obtaining new customers. The court disagrees.

The establishment of cause under § 1112(b)(4)(A) is a two pronged test.  In re BH S&B Holdings, LLC, 439 B.R. at 347 ("A party seeking to demonstrate cause under § 1112(b)(4)(A) must establish both the 'substantial or continuing loss' prong as well as the absence of a reasonable likelihood of rehabilitation prong."). The first prong of this test generally focuses on whether "the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values." In re Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 713–14 (Bankr. D. Md. 2011) (citing In re Westgate Properties, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010)); see also In re Motel Props., 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004) ("Courts have held that a post-petition negative cash flow and an inability to satisfy current expenses constitute a loss to or diminution of the

estate."). The second prong looks to whether the debtor lacks a reasonable likelihood of reestablishing itself "on a firm, sound basis." See In re Westgate Properties, Ltd., 432 B.R. at 723.

Debtor offered the testimony of Mike Breslin, debtor's sales manager, and Norwood Lee Bradshaw, debtor's general manager. Since filing for bankruptcy, Breslin stated that, although debtor has not lost any customers outright, four or five customers have decreased order volume by approximately eighty-five percent. Breslin stated that this decrease has negatively affected debtor's profitability and has resulted in a drop in revenue for the debtor. Breslin also testified that due to the bankruptcy filing it has been difficult to attract new customers. Similarly, Bradshaw testified that as a result of the fire, business has dropped and debtor has had to cancel two of their production lines. Based on this evidence, debtor contends that it has shown that there has been a substantial diminution of the estate and that remaining in bankruptcy will adversely affect the debtor's ability to generate enough revenue to reestablish itself, meet its obligations, and continue as a viable business.

During cross-examination, Smith & Wade elicited testimony tending to show that over the last few months business has stabilized, product rejects are down, customers are happy, employee moral is up, and there has been a "gradual up-tick" in business. Additionally, the debtor's monthly reports indicate that since filing in September 2013, debtor has experienced positive post-petition cash flow in four of seven months and has remained current on all post-petition expenses. In fact, debtor's March 2014 statement, the most recent profit and loss statement provided, shows a current net income of $28,489.13 (opposed to -$7,600 the month before) and a year to date net income of $163,511.57. Such evidence, combined with the testimony at the hearing that business has stabilized and is experiencing a "gradual up-tick," is inapposite to the assertion that debtor is experiencing a

"substantial or continuing loss" or that debtor "lacks a reasonable likelihood of reestablishing itself on a firm solid basis." Accordingly, the court concludes that the debtor has failed to establish by a preponderance of the evidence that cause exists under § 1112(b)(4)(A) and has offered no other basis for dismissal for cause under § 1112(b).

B.      Dismissal under § 305(a)

       Notwithstanding § 1112(b), a case may be dismissed under § 305(a) if "the interests of creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1). Debtor argues that even without a showing of cause under 1112(b), dismissal is proper pursuant to § 305(a) because dismissal is in the best interests of the creditors and estate. 11 U.S.C. § 305(a) ("The court, after notice and a hearing may dismiss a case . . . at any time if [] the interests of creditors and the debtor would be better served by such dismissal . . . ."). Debtor offers three primary reasons why dismissal is in the best interest of the creditors and estate. First, debtor will continue to operate its business after dismissal in a manner that will benefit creditors. Second, debtor has significantly greater economic value as a going concern and will be more successful in attracting new customers outside of bankruptcy. Third, since there is no evidence of misconduct, debtor is proposing to pay all creditors in full, and dismissal would not result in a loss of rights to any creditor, the "bankruptcy purpose of [the] case no longer exists . . . [and] a creditor should not be permitted to prolong or sustain a case merely to take advantage of benefits bankruptcy offers to creditors." In re Mazzocone, 183 B.R. 402, 412–13 (Bankr. E.D. Pa. 1995).

       Smith & Wade, however, argues that dismissal is not in the best interests of the creditors because dismissal would result in a "loss of its rights granted in the case." See 7 Collier on

Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) (stating that a factor to consider in granting dismissal is "whether there would be a loss of rights granted in the case  . . . ."). Smith & Wade contends that because debtor failed to assume the Lease within the requisite time period, the Lease has been deemed rejected, 11 U.S.C. § 365(d)(4)(A), and, as such, Smith & Wade is entitled to the immediate repossession of the Property. Id.; see also In re Tri-Glied, Ltd., 179 B.R. 1014, 1024 (Bankr. E.D.N.Y. 1995) ("Since 11 U.S.C. § 365(d)(4) mandates that when a lease is deemed rejected 'the trustee shall immediately surrender such non residential real property to the lessor,' [the lessor] is entitled to an order directing the Debtor to immediately surrender possession of the Premises."). Accordingly, Smith & Wade filed its April 14, 2014 adversary proceeding seeking the surrender of the Property. Smith & Wade contends that dismissal of the case would render its § 365 claim moot and deprive it of its right to possession granted under the Bankruptcy Code. Thus, since dismissal would result in the "loss of rights granted in the case," Smith & Wade argues that dismissal should be denied. See In re Mechanical Maintenance, Inc., 128 B.R. 382, 388 (E.D. Pa. 1991) ("That creditors have superior rights in bankruptcy . . . is a valid consideration for not dismissing a case." (citing In re GPA Technical Consultants, Inc., 106 B.R. 139, 140 (Bankr. S.D. Ohio 1989))).

Debtor cites In re Mazzocone for the proposition that "a creditor should not be permitted to prolong or sustain a case merely to take advantage of benefits bankruptcy offers to creditors." 183 B.R. at 412-13. However, that case is not this case. In Mazzocone cause for dismissal or conversion was already established under § 1112(b), Id. at 411 ("There is no dispute by any party regarding the presence of sufficient "cause" to dismiss or convert the case . . . ."); multiple parties had already agreed to dismissal, Id. at 407; and the motion for dismissal was brought by a United

States trustee. <u>Id.</u> Accordingly, the court concluded that the interest of one creditor in keeping the case in bankruptcy did not outweigh the overall interests of the estate or other creditors as a whole. 183 B.R. at 413–14. The court then noted that this is especially true where the benefit sought by the creditor under the Bankruptcy Code was equally available under applicable state law and thus, did not involve a loss of creditor's rights. <u>See</u> 183 B.R. at 415 ("The protection sought by the [creditor] against the unlawful dissipation of the Debtor's assets is also clearly available under applicable state law.").

Here, debtor failed to establish cause under § 1112(b); debtor seeks to dismiss its own case after taking advantage of the benefits of the bankruptcy, including the automatic stay; and Smith & Wade's right to repossess the Property derives solely from the operation of 11 U.S.C. § 365 and has no immediately equivalent remedy under state law. <u>See, e.g.</u>, <u>In re The Deli Den, LLC</u>, 425 B.R. 725, 726–27 (Bankr. S.D. Fla. 2010) ("A majority of courts which have addressed this question have held that § 365(d)(4) prevails over contrary state law . . . ." (citing <u>In re Chris-Kay Foods East, Inc.</u>, 118 BR 70, 72 (Bankr. E.D. Mich. 1990))); <u>In re U.S. Fax, Inc.</u>, 114 B.R. 70, 73 (Bankr. E.D. Pa. 1990) ([T]he language and legislative history of section 365(d)(4) demonstrate that Congress did not intend for creditors to purse state-law remedies and that requiring creditors to pursue such remedies would frustrate the statute's purpose."). Thus, Smith & Wade's claim to right of possession under § 365 should be resolved within the bankruptcy proceeding. <u>See</u> <u>Allied Technology, Inc. v. Brunemann & Sons, Inc.</u>, 25 B.R. 484, 500 (Bankr. S.D. Ohio) ("[T]he code contemplates that [§ 365] claim(s) be resolved exclusively within the bankruptcy proceeding . . . ."). Furthermore, 11 U.S.C. § 349(3) states that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Thus, a

dismissal of the case would, by operation of law, reinstate the Lease as constituted before the commencement of the case. See In re Petty 848 F.2d 654, 654–55 (5th Cir. 1988) (noting that dismissal terminates the jurisdiction of the bankruptcy court to adjudicate a § 365(d)(4) motion and that allowing a post-dismissal § 365(d)(4) order "would be inconsistent with the language and express purpose of § 349(b)"). But see In re Tri-Glied, Ltd., 179 B.R. 1014, 1020–21 (holding a § 365 determination that occurred *before* dismissal was not affected by § 349 (emphasis added)). Accordingly, dismissal of the case would result in the loss of Smith & Wade's significant right to repossess the Property pursuant to § 365(d)(4).

There being no basis for dismissal of this case under either § 1112(b) or § 305(a), the debtor's motion to dismiss is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

9